UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCADIO GONZALEZ,

                    Plaintiff,

        -against-                                        7:25-CV-6673 (CS)

DOCTOR FREDERICK PARKER; "HEAD            ORDER OF SERVICE
DOCTOR" R. FERDOUS; AND NURSE
ADMINISTRATOR MS. ROA,

                    Defendants.

CATHY SEIBEL, United States District Judge:

        Plaintiff, who currently is incarcerated in the Sing Sing Correctional Facility, brings this

action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected

rights.

        By order dated August 25, 2025, the Court granted Plaintiff's request to proceed in forma

pauperis ("IFP") – that is, without prepayment of fees.[1]  On August 27, 2025, the Court issued an

order directing the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for Defendants Doctor Frederick Parker, "Head Doctor" R. Ferdous,

and Nurse Administrator Ms. Roa; issue summonses; and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service.  (ECF No. 7.)  On December 1,

2025, the New York State Office of the Attorney General ("OAG") filed a letter informing the

Court that Ms. Roa was no longer employed by the New York State Department of Corrections

and Community Supervision ("DOCCS"), that she had not authorized Sing Sing to accept service

on her behalf, and that she had not requested representation from the OAG.  (ECF No. 12.)  The

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court held a conference on January 16, 2026, during which I granted Plaintiff leave to amend his Complaint and noted that the OAG may be required to provide Ms. Roa's service address if the Amended Complaint included her as a Defendant.  (*See* Minute Entry dated Jan. 16, 2026.)

On May 20, 2026, P filed an Amended Complaint naming the same Defendants, including Ms. Roa.  (ECF No. 21.)  On June 9, 2026, the OAG filed a letter indicating that Ms. Roa had still not been served, nor had she requested representation from the OAG, and requesting leave to submit Ms. Roa's personal home address directly to Chambers rather than filing it on the docket.  (ECF No. 22.)  The Court granted this request, (ECF No. 23), and the OAG provided Ms. Roa's address via email on June 11, 2026.  The Court will file this Order with Defendant Roa's address redacted, but will provide an unredacted copy to the Marshals. The Marshals are directed to file the Marshals Process Receipt with the address redacted.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Ms. Roa through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons for this defendant and

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve Ms. Roa until 90 days after the date that the summons for this defendant issues.

deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on her.

If a summons and the complaint are not served on Ms. Roa within 90 days after the date that this summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**CONCLUSION**

The Court directs the Clerk of Court to: (1) issue a summons for Roa; (2) complete the USM-285 form for her; and (3) deliver all documents necessary to effect service of a summons and the complaint on her to the USMS. The Marshals are directed to file the Marshals Process Receipt with the address redacted.

**SO ORDERED.**

Dated:  June 12, 2026
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

3

**DEFENDANT AND SERVICE ADDRESS**

1. Rosario Roa